UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BONNER, ET AL.                    CIVIL ACTION

VERSUS                                  NO. 12-456-SDD-RLB

GEORGIA-PACIFIC, LLC and
KELLOGG BROWN & ROOT, INC.

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by the Defendant, Kellogg, Brown & Root, Inc. Plaintiffs have opposed the motion.[2] For the reasons which follow, the Court finds that the motion should be granted.

**I.   Factual Background**

Plaintiffs are employees of Kellogg, Brown & Root, Inc. (hereinafter "KBR") who contracted with Georgia-Pacific, LLC (hereinafter "GP") to perform construction work including the sanding, grinding, cutting and welding of a metal structure located at GP's Paper Mill in Zachary, Louisiana. Plaintiffs allege they were exposed to hazardous dust and fumes associated with lead based paint which covered the structure. Plaintiffs contend the Defendants knew or should have known that serious bodily injury was substantially certain to follow from the circumstances under which Plaintiffs were required to work. Plaintiffs also contend that a lead kit test (purchased and administered by one of the Plaintiffs) rendered a positive result, and Plaintiffs were instructed to

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 10.

Doc 21                                  1

continue their work after advising Defendants of this result. Plaintiffs further allege that the Defendants performed a professional test which also resulted positive for lead, but the Defendants "intentionally" withheld this knowledge. Plaintiffs also contend Defendants' conduct is an intentional tort which precludes a defense of immunity under the Louisiana Workers' Compensation Act ("LWCA").

KBR moves to dismiss Plaintiffs' *Complaint* for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. KBR contends that all of the allegations by the Plaintiffs constitute acts of negligence, despite Plaintiffs' conclusory allegations and attempts to frame their claims as intentional torts. KBR argues that, in light of the strict construction of the "intentional act" exception as applied by Louisiana courts, Plaintiffs' allegations fail to meet this exception and should be dismissed as a matter of law.

## II.     Law and Analysis

### A.     <u>Motion to Dismiss under Rule 12(b)(6)</u>

When a court considers a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim".[3] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.' "[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[3] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010).

[4] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Doc 21                                                                       2

the misconduct alleged."[5] The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions".[6] Furthermore, "[a] complaint does not 'suffice if it tenders "naked assertion[s]" devoid of 'further factual enhancement' ".[7]

### B.  Louisiana Workers' Compensation Law

Because this is a diversity case, state law provides the elements of Plaintiffs' claims.[8] Under Louisiana law, workers' compensation provides the exclusive remedy against an employer, or any officer, director, stockholder, partner or employee of such employer or principal, when an employee suffers a work-related injury, unless the injury results from an intentional act.[9] Jurisprudence under this provision makes an exception for employer immunity for injuries caused by intentional torts.[10] While these cases have not extended liability for acts which are merely willful, wanton, or reckless, "they have indicated that liability would be extended for acts which evidence a 'specific intent to injure the employee' ".[11]

The intentional act exception to this law "has been very narrowly construed by Louisiana's

---

[5] *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

[6] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005).

[7] *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D. La. 5/1/12), *quoting Ashcroft*, 556 U.S. at 677, 129 S.Ct. at 1949).

[8] *See Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1356 (5th Cir. 1993)(citations omitted).

[9] La. Rev. Statute 23:1032A(1)(a) and 1032B.

[10] *See e.g., Johnson v. ODECO Oil & Gas Co., Inc.*, 679 F.Supp. 604 (E.D.La.1987); *Davis v. Rockwell International Corp.*, 596 F.Supp. 780 (N.D.Ohio 1984); *Houston v. Bechtel Assoc. Professional Corp.*, 522 F.Supp. 1094 (D.D.C.1981); *Austin v. Johns–Manville Sales Corp.*, 508 F.Supp. 313 (D.ME.1981).

[11] *Wilson*, at *2.

courts".[12] Louisiana courts have also held that "'substantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing' ".[13] Additionally, "[a] distinguishing feature in determining whether the conduct complained of meets the "substantial certainty" test is whether the event has occurred before or whether the injury has manifested itself before".[14]

The Louisiana Supreme Court has held that intent means "that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result".[15] Thus, "[o]nly where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional".[16] Furthermore, "an allegation that an employer 'knew or should have known' that an employee's injuries were substantially certain to follow is not a talisman which, by mere recital, can convert mere allegations into a credible claim of a valid intentional tort against an employer".[17] "Moreover, under Louisiana

---

[12] *Romero v. Northrop Grumman Corp.*, 44 Fed. Appx. 654, 2002 WL 1397124 (5th Cir. 6/13/02), *citing Reeves v. Structural Pres. Sys.*, 731 So.2d 208, 211 (La. 1999); *Bridges v. Carl E. Woodward, Inc.*, 663 So.2d 458, 463 (La. Ct. App. 4th Cir. 1995), *writ denied*, 666 So.2d 674 (La. 1996).

[13] *Id.* at *3, quoting *Reeves*, 731 So.2d at 213 (citations omitted).

[14] *Id., quoting Abney v. Exxon Corp.*, 775 So.2d 283, 288 (La. Ct. App. 1st Cir. 1999), *writ denied*, 753 So.2d 216 (La. 2000).

[15] *Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981).

[16] *Id.*

[17] *Wilson*, at *2, quoting *Gallon v. Vaughan Contractors, Inc.*, 619 So.2d 746 (La. App. 4th Cir. 1993).

law, the intentional tort exception to the exclusive remedy provision of the workers' compensation statute is to be given a narrow interpretation."[18] As such, the standard for prevailing on a claim of intentional tort under Louisiana law is "extremely high".[19] "Even knowledge of a high degree of probability that injury will occur is insufficient to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation statute exclusive remedy provisions."[20]  Therefore, "[s]ubstantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing".[21]

C.  **Application**

In the case at bar, Plaintiffs allege that KBR and GP "intentionally withheld the known positive result from the professional lead testing from Complainants for an unknown period of time with full knowledge that Complainants continued to perform the work while exposed to toxic levels of lead without any respiratory protection."[22] Plaintiffs also allege that KBR and GP, "through their agents and/or employees, inflicted serious bodily harm upon Complainants and knew or should have known that serious bodily injury was substantially certain to follow from the circumstances under which Complainants were required to perform the work, thus barring any defense of immunity under

---

[18] *Id., citing King v. Schulykill Metals Corporation*, 581 So.2d 300, 302 (La. App. 1st Cir. 1991).

[19] *Id.*

[20] *Id., citing King*, 581 So.2d at 303.

[21] *Id., quoting King*, 581 So.2d at 302 (internal citations omitted).

[22] Rec. Doc. 1, ¶ XIII.

the Louisiana Workers' Compensation Act."[23]

KBR relies on *Frank v. Shell Oil Company*[24] in support of its motion to dismiss. In *Frank*, the surviving spouse of a refinery worker sued the oil company and its insurer on behalf of herself and her husband, alleging that her husband's exposure to benzene at the refinery caused the development of leukemia. Among several other claims, the plaintiff asserted a claim for intentional tort. Shell moved to dismiss arguing the plaintiff's claims were barred by the exclusive remedy provision of the LWCA.[25] The plaintiff alleged that Shell was "well aware of the serous health hazards associated with the use of benzene," and that Shell "should have provided adequate and safely designed protective equipment, and conducted medical examinations as appropriate."[26] The plaintiff also alleged that the actions of Shell "were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage or injury to the Plaintiffs," and that Shell "consciously and/or deliberately engaged in oppression, fraud, wantonness and/or malice with regard to Welman Frank and other employees" such that Shell "should be held liable for the intentional inflictions of physical injury upon its employee."[27] The plaintiff also alleged that Shell had intentionally exposed Frank to benzene and knew with substantial certainty that the work conditions imposed would result in exposure to benzene which would naturally result in the

---

[23] *Id.*, ¶ XV.

[24] 828 F.Supp.2d 835 (E.D. La. 2011).

[25] *Id.* at 840.

[26] *Id.* at 849.

[27] *Id.* at 849-50.

disease from which he suffered.[28] The court granted Shell's motion and held:

> Plaintiff has not sufficiently alleged intentional tortious behavior on the part of Shell to prevent dismissal of her post–1975 claims. These allegations do not demonstrate Shell was "substantially certain" Mr. Frank would be diagnosed with ALL Leukemia due to his exposure to benzene and benzene-related substances, but rather indicate that Shell "knowingly permitt[ed] a hazardous work condition to exist, knowingly order[ed] claimant to perform an extremely dangerous job, or willfully fail[ed] to furnish a safe place to work," all of which the Louisiana Supreme Court holds is insufficient for an intentional tort.[29]

KBR contends the allegations in *Frank* are so analogous to the case at bar that its reasoning and holding are directly applicable to the facts of this case. The Court agrees. It is clear from the face of Plaintiffs' Complaint that their allegations amount to a failure to provide a safe work place and failure to provide protective equipment, despite the use of certain legal phrases in an attempt to transform the claims to intentional torts. As discussed above, a plaintiff cannot merely include the word "intentional" or the phrase "substantially certain" in a complaint to avoid application of the exclusive remedy provision of Louisiana's workers' compensation law. [30]

Furthermore, the only intentional act alleged by Plaintiffs is found in paragraph XIII wherein Plaintiffs allege that KBR and GP intentionally withheld the known positive lead result from a professional testing. Plaintiffs fail to plead any factual basis to support this conclusory allegation and fail to identify by whom they received such information and upon what grounds it was reliable.

---

[28] *Id.* at 850.

[29] *Id.*, (*See Reeves*, 98–1795, at p. 5, 731 So.2d at 210; *see also Zimko*, 2003–0658, at pp. 10–18, 905 So.2d at 475–80; *Perret v. Cytec Indus., Inc.*, 04–745 (La.App. 5 Cir. 11/30/04), 889 So.2d 1121, 1125–26.

[30] *See, Graft v. Mason*, 2009 WL 799973 (E.D. La. 3/19/09)("Here, the plaintiff did state and restate the phrase 'substantially certain to follow' in his amended complaint. The use of those words alone, however, does not transform any set of facts into an intentional tort and does not provide protection from a well-founded motion to dismiss").

Even if Plaintiffs could prove this allegation true, which KBR denies, Plaintiffs fail to plead supporting factual allegations to show that KBR was substantially certain that Plaintiffs' alleged damages would follow from the alleged conduct.[31] The allegations in this matter are simply allegations of negligence for which the LWCA is the exclusive remedy.

### III.  Conclusion

For the reasons set forth above, the *Motion to Dismiss*[32] filed by Defendant Kellogg, Brown & Root, Inc. is GRANTED. Plaintiffs' claims against Kellogg, Brown & Root, Inc. are DISMISSED with prejudice.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 6 day of June, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[31] The Court must note that Plaintiffs' one paragraph opposition memorandum merely re-states the allegations contained in the *Complaint*. Plaintiffs fail to address any of the legal arguments presented by KBR or present any jurisprudence which would challenge KBR's supporting jurisprudence.

[32] Rec. Doc. 7.