UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY BONNER, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                              **NO. 3:12-cv-00456-SDD-RLB**

**GEORGIA-PACIFIC, LLC, ET AL.**

## ORDER

This matter is before the Court on defendant Georgia-Pacific, LLC's Motion to Compel Discovery Responses filed on September 25, 2013 (R. Doc. 70). Any opposition to this motion was required to be filed within 21 days after service of the motion. L.R. 7.4. Plaintiffs have not filed an opposition as of the date of this Order. The motion is therefore unopposed.

### Background

On January 3, 2013, defendant Georgia-Pacific, LLC ("GP" or "defendant") propounded Interrogatories and Requests for Production of Documents upon Plaintiffs through their counsel of record at the time, J. Price McNamara (R. Doc. 70 at 1). On May 2, 2013, counsel for GP advised Mr. McNamara in a letter that the plaintiffs' discovery responses were overdue (R. Docs. 70 at 2 and 70-3 at 111). According to GP, prior to the May 2, 2013 correspondence, the parties held a Rule 37(a) discovery conference "during which an extension of time had been granted to plaintiffs to respond, with which extension plaintiffs had failed to comply" (R. Docs. 70 at 2 and 70-3 at 111). On May 14, 2013, the Court ordered that Mr. McNamara be permitted to withdraw as counsel of record for the Plaintiffs (R. Doc. 21).

The Court then held a status conference on June 27, 2013 to which the plaintiffs failed to appear (R. Doc. 43 at 1). The Court ordered the plaintiffs to appear for a hearing on August 8, 2013 to show cause why their claims should not be dismissed for failure to prosecute and/or why

appropriate sanctions should not be imposed against them for failure to appear at the June 27, 2013 status conference (R. Doc. 43 at 2).

Plaintiffs Terry Bonner, Jermaine M. Williams, Ricky Murphy, Lyndon Garnett O'Dneal, and Jarred Kirk appeared at the August 8, 2013, show cause hearing and indicated that they intended to proceed with their claims (R. Doc. 60). The Court concluded that the failure of those plaintiffs to appear at the status conference did not merit the imposition of dismissal or sanctions (R. Doc. 60). GP served the plaintiffs who attended the show cause hearing with copies of the outstanding Interrogatories and Requests for Production (R. Doc. 60). Plaintiff Elizah L. Pierson filed an explanation for his failure to appear at the show cause hearing (R. Doc. 59) and the Court decided not to recommend dismissal of his claims (R. Doc. 62). The Court has dismissed the claims of Plaintiff Lawrence Issac (R. Doc. 67).

Plaintiffs Bonner, Pierson, Kirk, and Murphy have not responded to GP's discovery requests (R. Doc. 70 at 4). Plaintiffs O'Dneal and Williams have provided responses (R. Doc. 70-3 at 112-137), but GP claims that those responses are deficient and incomplete.

GP filed the instant motion to compel on September 25, 2013. The motion requests the court not only to compel the plaintiffs to respond to GP's Interrogatories and Request for Production of Documents, but also requests the court to sanction the plaintiffs for their failure to respond timely to the discovery requests.

## LAW & ANALYSIS

A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34. A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.* A party seeking

discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses. Fed. R. Civ. P. 37(a)(3)(B). If a motion to compel production is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court is aware that the plaintiffs are representing themselves pro se. For that reason, the Court advises that, as pro se litigants, the plaintiffs will not be held to the same standards as practicing attorneys. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). While the plaintiffs may be afforded some level of leniency, however, they must still respond to discovery requests to the best of their abilities and do so within the time periods required. Furthermore, they must submit appropriate memoranda to the court articulating and supporting any arguments they may have in opposition to motions brought by the defendant or such motions will be considered unopposed.

**Plaintiffs Bonner, Pierson, Kirk, and Murphy**

Plaintiffs Bonner, Pierson, Kirk, and Murphy did not submit written responses or objections to GP's discovery requests within thirty (30) days after they were served or within the extensions of time granted by GP. Furthermore, they have not submitted an opposition to GP's motion to compel. The court will therefore order plaintiffs Bonner, Pierson, Kirk, and Murphy

to submit complete responses to GP's Interrogatories and Requests for Production on or before **November 12, 2013.**

**Plaintiff O'Dneal**

GP argues that although plaintiff O'Dneal responded to its discovery requests, he provided deficient responses to Interrogatory Nos. 4-9, 16, and 19 and Requests for Production Nos. 1, 2, 4, 5, and 7 (R. Doc. 70-1 at 5). After reviewing GP's discovery requests and plaintiff O'Dneal's responses, the Court concludes that plaintiff O'Dneal's responses to Interrogatory Nos. 7 and 19 are sufficient. The Court does find that plaintiff O'Dneal's responses to Interrogatory Nos. 4 and 5 are vague. Therefore, the court orders plaintiff O'Dneal to provide more specific responses to Interrogatory Nos. 4 and 5 indicating whether he intends to call any lay or expert witnesses to trial, and if so, any additional information regarding such witnesses as requested by the interrogatories.[1] Plaintiff O'Dneal is also ordered to provide to GP, to the extent possible, any additional information requested by Interrogatory Nos. 6, 8, 9, and 16 that was not provided in his original response, or provide explanations as to why such additional information cannot be provided.

The court also orders plaintiff O'Dneal to determine whether any additional documents are responsive to Requests for Production Nos. 1, 2, 4, and 5. Plaintiff O'Dneal must either produce responsive documents or provide a more detailed response to GP indicating why there are no responsive documents to produce. Finally, although plaintiff O'Dneal signed and produced copies of the various release forms requested by GP in Request for Production No. 7, he did not have those release forms notarized. The court, therefore, orders plaintiff O'Dneal to

---

[1] The deadline for disclosure of resumes and identifies of experts by the plaintiffs was October 18, 2013 (R. Doc. 44).

either produce notarized copies of the various release forms requested by GP or indicate reasons for why he should not have to notarize those release forms.

Plaintiff O'Dneal must submit complete responses to GP's Interrogatory Nos. 4, 5, 6, 8, 9, and 16 and Requests for Production Nos. 1, 2, 4, 5, and 7 as outlined above on or before **November 12, 2013.**

**Plaintiff Williams**

GP argues that plaintiff Williams provided deficient responses to Interrogatory Nos. 5, 8, and 13 and, although plaintiff Williams has produced some documents, it "is not possible for GP to determine the connection between those documents and any particular production request" (R. Doc. 70-1 at 6). After reviewing the defendant's discovery requests and plaintiff Williams' responses, the Court concludes that plaintiff Williams' responses to Interrogatory Nos. 5 and 8 are sufficient. Plaintiff Williams is ordered, however, to provide to GP, to the extent possible, any additional information requested by Interrogatory No. 13 that was not provided in his original response, or provide an explanation as to why such additional information cannot be provided.

With regard to his responses to GP's Requests for Production, the court finds that plaintiff Williams produced signed and notarized copies of various release forms provided by the defendant, a copy of his driver license, and various GP schematics (R. Doc. 70-3 at 112-126). These documents are responsive to Requests for Production Nos. 7, 5, and 4 respectively. The court, therefore, rejects GP's argument that it "is not possible for GP to determine the connection between those documents and any particular document request" (R. Doc. 70-1 at 6). The court agrees with GP, however, that plaintiff Williams has produced no documents in response to Request for Production No. 6 in support of his claim of lost wages referenced in response to

5

Interrogatory No. 19. The court, therefore, orders plaintiff Williams to produce any documents responsive to Request for Production No. 6.

Plaintiff Williams must submit complete responses to GP's Interrogatory No. 13 and Requests for Production No. 6 as outlined on or before **November 12, 2013.**

**Expenses**

With regard to the recovery of expenses, the court must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). The plaintiffs had an opportunity to be heard but failed to file an opposition memorandum within the time allotted by this court's local rules. The record indicates that GP attempted in good faith to obtain the discovery requested without court action.

The Court is also aware that GP has had discovery related issues dating back to the plaintiffs' prior attorney. It is not clear from the record, however, whether those delays are properly attributable to the actions or failure to act of the plaintiffs. Although the plaintiffs' failure to respond to discovery or failure to submit complete discovery responses was not substantially justified, because the plaintiffs are not currently represented by counsel, the court finds that an award of expenses at this time would be unjust.

The plaintiffs are warned, however, that the failure to comply with this Order or failure to meet any additional deadlines in violation of the scheduling order may result in the imposition of sanctions, including an order prohibiting them from supporting or opposing designated claims or defenses, introducing matters in evidence, striking plaintiffs' pleadings, and dismissing this action with prejudice.

**IT IS ORDERED** Defendant's Motion to Compel Discovery Responses (R. Doc. 70) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiffs Terry Bonner, Elizah Pierson, Jared Kirk, and Ricky Murphy shall produce complete responses to GP's Interrogatories and Requests for Production written discovery on or before **November 12, 2013.**

**IT IS FURTHER ORDERED** that Plaintiff Lyndon Garnett O'Dneal must submit complete responses to GP's Interrogatory Nos. 4, 5, 6, 8, 9, and 16 and Requests for Production Nos. 1, 2, 4, 5, and 7 as outlined above on or before **November 12, 2013.**

**IT IS FURTHER ORDERED** that Plaintiff Jermaine M. Williams must submit complete responses to GP's Interrogatory No. 13 and Requests for Production No. 6 as outlined above on or before **November 12, 2013.**

Signed in Baton Rouge, Louisiana, on October 31, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**